Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

GUILLERMO ARIAS,
)
 No. 08-03-00428-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 168th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20020D05892)


MEMORANDUM OPINION



 Guillermo Arias attempts to appeal a conviction for burglary of a habitation. Finding that
Appellant has no right of appeal, we dismiss the appeal.

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 

 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. (1) In a plea bargain case--that is, a case in which defendant's
plea of guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 Appellant filed a timely notice of appeal, including the trial court's certification of the
defendant's right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The trial court's certification 
reflects that the appeal "is in a plea-bargain case and is taken without the trial court's permission to
appeal." On October 27, 2003, the Clerk's Office notified Appellant's counsel that the certification
reflects that Appellant has no right of appeal in this case and requested a response. In his letter brief,
Appellant's counsel states that Appellant entered a negotiated plea of guilty, was sentenced
according to the terms of the plea bargain, and he has not been granted permission to appeal. 
Counsel acknowledges that the appeal must be dismissed.

 Because the trial court has denied Appellant permission to appeal and he is not attempting
to raise any issues raised by motion and ruled on before trial, Appellant has no right of appeal. 
Accordingly, the appeal is dismissed.



January 29, 2004 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Rule 25.2(d) requires that the trial court certify whether the defendant has a right of appeal under Rule
25.2(a)(2). Tex.R.App.P. 25.2(d).